GAUDIN, Judge.
Initially, Westend Development Company filed a foreclosure suit against Westend Amusement Corporation, No. 282-746, 24th Judicial District Court. Executory process issued on June 16, 1983, and a building “... located on pilings over Lake Pontchartrain ... situated on a permit issued by the Corps of Engineers ...” was seized.
On December 13, 1983, Westend Amusement Corporation filed suit No. 289-626, 24th Judicial District Court, stating that it had obtained a lease from the State of Louisiana covering the area of the lake beneath the subject property. Further, the petition alleged:
“That public water bottoms upon which the property is located are not subject to seizure and sale under executory process and ... said building cannot be sold separate from the lease.
“That, alternatively, because of said premises the State of Louisiana said leasehold rights are paramount to any rights of ownership of the building ... and ... cannot be subject to private mortgage or executory process.”
The district court refused to issue an injunction, however, and the property was sold on December 14,1983 at public auction for $315,000.00 to Westend Lakewalk, Inc., which deposited $5,000.00 with the Sheriff’s office. With the exception of one individual, it appears that the principals of Westend Amusement Corporation and Wes-tend Lakewalk are the same.
When Westend Lakewalk failed to pay the balance due on the executory process sale, the property was advertised again and another sale was scheduled for February 1, 1984.
On January 26, 1984, a petition of intervention was filed by West End Arcade, Ltd., contending that it and not Westend Amusement Corporation owned the property in question because of an assignment on April 23, 1983 before notaries in Jefferson Parish and in Santa Clara County, California. The intervention asked:
(1) That the seizure be set aside and that the property be returned to the possession of West End Arcade,
(2) That intervenor be awarded damages, and
(3) That the scheduled Sheriffs sale be enjoined.
Also on January 26, 1984, Westend Amusement Corporation filed a supplemental and amended petition asserting:
*1246 I
“That with its acquisition of the building forming the basis of this lawsuit from defendant, Westend Development Company, petitioner acquired the permit license of John Kirsch through Westend Development Company which formed part of the purchase agreement between petitioner and defendant.
II
“That subsequent to the purchase of this building petitioner discovered these rights were defective in the following particulars:
1. That no permission from the State of Louisiana, owner of the water bottoms, upon which the building sat, was obtained by Westend Development Company, John Kirsch or any of their predecessors.
2. That by letter of 3, October, 1972, a copy of which is attached hereto and made a part hereof, marked Exhibit “A”, purporting to grant John Kirsch the permit to maintain the construction of the building, that the Department of Army New Orleans District Corps of Engineers did so on the condition that Mr. Kirsch secure the necessary legal rights from the heirs of Mrs. Emma Moses Morlet who prior to Mr. Kirsch’s appearance held the proper permits, and that this transfer of the permits from the heirs of or the Succession of Mrs. Emma Moses Morlet to John Kirsch was never made.
Ill
“That because of this, petitioner sought to perfect their title by fulfilling the requisites of law which had not been done by previous permitees and obtain a lease from the State of Louisiana for the water bottoms upon which the building sat.
IV
“That because of these defects in the legal rights necessary to construct and maintain the building, petitioner desires that in the alternative petitioner is entitled to rescission and annulment of the sale of the building and permits attached thereto and return of its downpayment of eighty thousand and no/100 ($80,-000.00) dollars, together with all expenses of sale, all sums paid on said contract of sale to the defendant to date as well as incidental expenses relating to this sale consisting of the amount of thirty thousand and no/100 ($30,000.00) dollars in attorney’s fees and any other incidental expenses which may appear at the trial, said sale dated 22, April, 1982, being from Westend Development Company to Westend Amusement Corporation.
V
“That in the alternative, petitioners demand the demolition and removal of the building at the expense of defendant under Civil Code Article 497 because of the bad faith of John Kirsch and/or Westend Amusement Corporation in building and/or maintaining said building without transfer of the necessary permits from the heirs of or the Succession of Mrs. Emma Moses Morlet and without the permission of the State of Louisiana, owner of the water bottoms, which constitutes bad faith on the part of the defendant.
VI
“That sought to be made additional defendant herein is John Kirsch, purported to be original transferor of the permits forming a part of the act of sale of the building herein dated 22, April, 1982, and petitioners allege that because of the aforegoing mentioned defects that they are entitled to a rescission and annulment of the assignment of piling rights *1247 and permits involving him contained in the act of sale aforementioned.”
On January 30, 1984, the trial court denied the injunction requests of Westend Amusement Corporation and West End Arcade and ordered the property sold on February 1, 1984. Westend Amusement Corporation and Westend Lake walk and their principals were enjoined from bidding.
Westend Amusement Corporation and West End Arcade petitioned for writs of certiorari, prohibition and mandamus to this Court, and a stay order was issued, suspending the February 1, 1984 sale.
Westend Development Corporation is opposed to the granting of writs, contending, generally, that there is separate ownership of the wetland and the building, that the mortgage is legitimate and valid and that the forced sale of the mortgaged building should be rescheduled.
LSA-C.C.Pr. art. 2751 lists the grounds for arresting a seizure and sale, to wit:
“The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the mortgage or privilege is extinguished, or is legally unenforceable, or if the procedure required by law has not been followed.” (Underlining supplied.)
We have carefully considered both records of the 24th Judicial District Court (Nos. 282-746 and 289-626), and there are issues presented concerning actual ownership of the building, validity of the mortgage, etc., issues which appear to be directly related to the enforceability of the obligation via executory process. We believe these issues should be resolved before the property is sold.
We therefore remand this matter to the 24th Judicial District Court, directing the trial judge:
(1) To issue a preliminary injunction, suspending the sale pending further orders of the district court, conditioned upon the posting of a security bond in accord with LSA-C.C.Pr. art. 3610, the amount of which and the deadline for posting said security to be determined by the district judge; and
(2) To hear the merits of the case as expeditiously as possible.
WRITS GRANTED.